HOLLAWAY v. JORDAN.

4-6498                                    156 S. W. 2d 205

Opinion delivered December 1, 1941.

*John T. Cheairs,* for appellant.

*Ed Trice* and *Golden, Golden & Gibson,* for appellee.

HUMPHREYS, J. This appeal is from a decree of the chancery court of Chicot county setting aside and canceling a tax sale to the state, in the month of June, 1933, of south fractional one-half, southeast quarter, section 20, township 14 south, range 2 west, 84.96 acres in Chicot county, and the certification to the state of said land

on December 13, 1935, and a deed to said land from the state to the appellant, J. H. Hollaway, of date July 30, 1935.

Appellee acquired this land by donation certificate from the state in 1927, and made proof and obtained his deed thereto in 1930, and has been in possession thereof for about 14 years. In 1932, during the height of the depression, he neglected or failed to pay his taxes thereon and same forfeited to and was sold to the state in June, 1933. Notwithstanding the fact that it had been sold to the state in June, 1933, for the taxes of 1932 the county clerk listed said land for taxes of 1932 and 1933 and same appeared upon the tax books for those years. In other words, the taxes for the years 1932 and 1933 were charged to and certified to the sheriff or ex-officio collector for collection on the tax books of 1933. There was no notation on the 1933 tax books, then in the hands of the collector, to indicate the land had forfeited to the state for 1932 taxes. It was an oversight or mistake of the county clerk. On October 15, 1934, appellee called on the sheriff or ex-officio tax collector and offered to pay his taxes on the land, at which time he was informed by the collector that he would have to pay the taxes for both 1932 and 1933 as the taxes for both years had been charged to him. Appellee, who is a negro over 60 years of age, remembering that he had not paid the 1932 taxes, paid the taxes for both years in the total sum of $35.50 and obtained a tax receipt from the collector for the taxes for both years.

The tax collector of Chicot county made his settlement and accounted to the state for its portion of the money he had collected from appellee in payment of taxes upon said land for the years 1932 and 1933. Notwithstanding the collector had collected the taxes from appellee for both years and receipted him for same and settled with and paid the state its part of the taxes so collected from appellee, the county clerk on December 13, 1935, certified said land to the state for the nonpayment of the taxes for the year 1932.

On June 24, 1936, appellant, J. H. Hollaway, purchased the land from the state for a consideration of $85.96 and obtained a deed from the state thereto.

On April 6, 1936, in a suit by the state to confirm its title to said land with other lands, the chancery court of Chicot county entered a decree of confirmation. On March 24, 1937, within one year after the entry of the confirmation decree, appellee filed an intervention therein under § 9 of act 119 of the Acts of 1935, setting up the fact that he was the owner of the land, and that at the time the land was certified to the state and the decree of confirmation entered he had paid all the tax demands chargeable against said land and asked permission to plead that fact as well as other defects in the forfeiture and sale of the land as a defense against the confirmation of his title to the land.

He made appellant, J. H. Hollaway, a party defendant in the suit or intervention and appellant, J. H. Hollaway, filed an intervention and cross-complaint, setting out his purchase from the state of said land, and prayed that his tax title thereto be confirmed.

There is no question under this record that appellee made a good faith effort to pay all the taxes extended against his land for both the years 1932 and 1933 on October 15, 1934, before his land was certified down to the state on December 13, 1935. He went to the courthouse and contacted the tax collector of the county who informed him that two years taxes were charged against the land. Appellee paid the collector the amount of the taxes for both years which were accepted by said collector and who gave him a receipt showing the payment of the 1932 and 1933 taxes. This was a mistake on the part of the county clerk and if the clerk and the collector had not made this mistake the appellee would have been compelled to redeem his land in the mode and under the provisions of §§ 13864-13865-13866 of Pope's Digest. Since no notation appeared on the tax books that the land had been forfeited and sold for failure to pay the taxes of 1932, but on the contrary the tax books showed that the taxes were extended against said land for both the years 1932 and 1933, there was no way left to the appellee

for the redemption of his land. In making the payment of the two years' taxes against his land he did all that he could do to satisfy tax liens against same and after accepting the payment and proportioning the fund among those entitled to same the county clerk should not have certified and had no right to certify the land to the state for the nonpayment of the taxes for the year 1932. Appellee had no control over the county clerk or tax collector and was in no sense responsible for their errors shown by the tax books. This court decided in the case of *Forehand* v. *Higbee,* 133 Ark. 191, 202 S. W. 29 (quoting syllabus 4) that: "Where a taxpayer makes an attempt in good faith to pay his taxes, and is prevented by the mistake, negligence or other fault of the collector, the sale of his land for the nonpayment of taxes is void."

We think that when a taxpayer tenders all the taxes that are extended against his land and same is receipted for and accepted by the officials and the amounts so collected apportioned to those to whom they properly belong, the county clerk, after the situation has been brought about by his own carelessness and neglect, would have no authority thereafter to certify said taxpayer's land to the state for the nonpayment and forfeiture of the taxes for one of the years tendered and accepted. Although the transaction might be regarded as an attempted technical redemption of appellee's land, it was in fact a payment in full of the taxes.

A payment of one's taxes is a complete defense to the forfeiture and the sale of his land to the state. Where one has paid his taxes and has a receipt therefor, the forfeiture, sale and certification to the state is absolutely void. The state would have no right to confirm the title thereto if such fact were shown by the landowner either during the pendency of the confirmation suit or within one year after a confirmation decree. In the instant case appellee brought his suit within one year after the confirmation decree was rendered and actually alleged in his intervention and proved that on October 15, 1934, he paid the taxes extended against his land for the years 1932 and 1933.

Appellant contends that the intervention filed by appellee was not sufficient because it failed to allege therein that appellee did not know of the pendency of the confirmation suit before a decree was entered therein. We think that the record clearly shows inferentially that appellee had no notice of the pendency of the confirmation suit until he filed the intervention, and that it was an intervention within the meaning of § 9 of act 119 of the Acts of 1935.

We do not think that it was necessary for appellee to tender to the clerk of the court the amount of taxes, penalties and costs for which the land was forfeited to the state for the reason that he had paid the taxes for the year 1932 and was not indebted to the state of Arkansas or appellant in any further sum. Further, the record shows that he paid all the taxes which had been charged against the land subsequent to the foreclosure suit of the state so he should not be made to further attorn to the state or to its vendees for taxes which he has already paid.

No error appearing, the decree is affirmed.